## SMITH v. MOTT.

*(Supreme Court, General Term, Fifth Department. October 21, 1892.)*

REJECTION OF EVIDENCE—HARMLESS ERROR.

> In an action on a Bohemian oats note, the defense was that it had been obtained by the fraudulent representation that the company from which the oats were purchased was worth $100,000, and that defendant relied on a bond given him by the company, agreeing to sell for him the following year a sufficient quantity of oats to enable him to realize $100 more than the amount of the note. *Held,* that an error in excluding evidence that the company was worth only $10,000 was harmless, as such evidence would show that the company was responsible for many times the amount of its obligation to defendant.

Exceptions from circuit court.

Action by Albert C. Smith against Charles E. Mott on a promissory note. The court directed a verdict in plaintiff's favor, and defendant moved for a new trial. Defendant's exceptions were directed to be heard at the general term in the first instance. Exceptions overruled.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Charles A. Widener*, for plaintiff. *Thomas & Desmond*, for defendent.

LEWIS, J. This is an action to recover upon a promissory note of $300, given for 20 bushels of Bohemian oats. The defense was that the note was

obtained by the fraudulent representation that the oat company with which the contract was made was worth $100,000, and that the defendant relied upon a bond given to him by the company, agreeing to sell for him the following year twice the amount of oats, out of which the defendant was to realize $400, The company failed to perform its contract. To prove the falsity of the representations the defendant offered in evidence two annual reports made by the company, and filed in the office of the secretary of state of the state of Michigan, showing that the company's assets amounted only to $10,-000. One of these reports bore date and was filed the year the note was given. The other bore date and was filed the following year. The reports were properly certified. Under the plaintiff's objection, they were excluded as immaterial, incompetent, and hearsay. While the correctness of this ruling may be doubted, we do not see that the defendant was injured thereby. The reports, if admitted, would have shown the company to have been worth at least $10,000. The amount the plaintiff could realize out of the transaction in any event was $400,—the amount of the note and $100 profit. Had the reports been admitted in evidence, they would have shown that the company was responsible for many times that amount. The exceptions should be overruled, and the defendant's motion for a new trial denied, and the plaintiff should have judgment for the amount of the note, interest, and costs. All concur.